## Commonwealth v. Lyon

*Samuel F. Bonavita, District Attorney*, for Commonwealth.
*Edward G. Petrillo*, for defendant.

WOLFE, *P. J.*, December 15, 1975—Defendant appeals his conviction in the magistrate's court for violation of section 1007 of The Vehicle Code of April 29, 1959, P.L. 58 (No. 29), as amended, 75 P.S. §1007, and we reverse, on the demurrer of defendant at the conclusion of the Commonwealth's case for the reason that, accepting all of the facts as true

to this point, the evidence is insufficient to prove guilt beyond a reasonable doubt.

On October 12, 1975, the arresting officer, while traveling east on U.S. Route 6, observed two other vehicles proceeding ahead of defendant's vehicle. The lead vehicle came to a stop preparatory to a left turn and to await oncoming traffic, causing the second vehicle to also stop. Defendant thereupon executed a right pass of the second vehicle and continued on Route 6, whereupon he was stopped and arrested.

Section 1007 mandates the duty of an operator in overtaking a vehicle ahead of him in the following language:

"The driver of any vehicle overtaking another vehicle proceeding in the same direction shall pass at a safe distance to the left thereof, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle . . ."

We have found no reported cases interpreting this factual situation. However, we are of the opinion that a fair reading of the act does not conclude a legislative intent to have it apply in this situation. The act applies to moving vehicles traveling on a two-lane highway, and there is no indication that it is applicable to stationary vehicles. The obvious intent is to have an orderly flow of traffic without increasing the danger of passes on both sides of a preceding vehicle which would cause an intolerable traffic hazard.

For these reasons we enter the following

## ORDER

And now, December 15, 1975, defendant is found not guilty, his bail is released and he is discharged from the court.